# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MR. SOLOMON JOHNSON, | Civil Action No. 13 – 531 |
| Plaintiff, | |
| | Chief District Judge Joy Flowers Conti |
| v. | Chief Magistrate Judge Lisa Pupo Lenihan |
| JOSEPH MAZURKIEWICZ (Warden), CANDACE GETTINS (Mail Room Supervisor), JOHN BEERS (Security), DEBORAH YOTHERS (Physician's Assistant), C.O. I KRAMER (RHU Greensburg), C.O. I BASCARINO (RHU Greensburg), | ECF No. 34 |
| Defendants. | |

## REPORT AND RECOMMENDATION

**I. RECOMMENDATION**

For the following reasons, it is respectfully recommended that the Motion to Dismiss filed by Defendants Beers, Gettins and Mazurkiewicz be granted in part and denied without prejudice in part. It is recommended that the motion be granted in that Plaintiff's claims predating April 9, 2011 should be dismissed because they are barred by the statute of limitations and also granted in that Plaintiff's claims against the Defendants in their official capacities should be dismissed because they have Eleventh Amendment immunity. The motion should be denied without prejudice to the extent Defendants seek dismissal of Plaintiff's amended complaint for failure to exhaust his administrative remedies pursuant to the PLRA.

1

It is further recommended that Defendant Yothers be dismissed from this action because Plaintiff has failed to state a claim against her upon which relief may be granted. Because she has not yet been served, and because Plaintiff is a prisoner proceeding *in forma pauperis*, the Court should *sua sponte* dismiss her pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Finally, it is recommended that Plaintiff be allowed to amend his complaint with respect to the following claims: (1) the mail tampering retaliation claim against Defendants Gettins, Beers and Kramer; (2) the due process claim against Defendant Bascarino, only for the duration of the time Plaintiff spent in administrative custody; and (3) the deliberate indifference claim against Defendant Mazurkiewicz. Plaintiff's due process claim based on his initial placement in administrative custody should be *sua sponte* dismissed for failure to state a claim pursuant to 28 U.S.C. 1915(e)(2)(B)(ii).

## II.   REPORT

Plaintiff Solomon Johnson ("Plaintiff") is a state prisoner currently incarcerated at the State Correctional Institution at Benner in Bellefonte, Pennsylvania. He brings this lawsuit pursuant to 42 U.S.C. § 1983, alleging that several prison officials at the State Correctional Institution at Greensburg ("SCI-Greensburg"), his former place of confinement, retaliated against him by tampering with his mail from December 2010 through April 2013. He also alleges a violation of his due process rights, challenging his placement in protective/administrative custody on or about April 13, 2011, and continued confinement thereafter. He further claims that on November 19, 2012, he was incorrectly charged for a prescription refill relating to a pre-existing condition. Finally, he alleges that Defendant Mazurkiewicz was deliberately indifferent because he failed to properly train and supervise his employees so as to prevent the alleged constitutional violations from occurring.

2

### A. Standard of Review

Recently, the United States Court of Appeals for the Third Circuit summarized the standard to be applied in deciding motions to dismiss filed pursuant to Rule 12(b)(6):

> Under the "notice pleading" standard embodied in Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must come forward with "a short and plain statement of the claim showing that the pleader is entitled to relief." As explicated in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), a claimant must state a "plausible" claim for relief, and "[a] claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Although "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), a plaintiff "need only put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Fowler*, 578 F.3d at 213 (quotation marks and citations omitted); *see also Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 117–18 (3d Cir.2013).

Thompson v. Real Estate Mortg. Network, 748 F.3d 142, 147 (3d Cir. 2014).

Additionally, Plaintiff is proceeding *pro se*, and as such, he is entitled to liberal construction of his submissions in federal court. This means that the Court must liberally construe the factual allegations of the complaint because *pro se* pleadings, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erikson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation omitted); Haines v. Kerner, 404 U.S. 519, 520 (1972). In addition, the court should "'apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name.'" Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002) (quoting Holley v. Dep't of Veterans Affairs, 165 F.3d 244, 247-48 (3d Cir. 1999)). *See also* Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) ("Since this is a § 1983 action, the [pro se] plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right

secured by the Constitution.") (quoting Higgins, 293 F.3d at 688). However, *pro se* litigants are not free to ignore the Federal Rules of Civil Procedure. Pruden v. Long, Civ. A. No. 3:CV-06-2007, 2006 WL 3325439, *1 (M.D. Pa. Oct. 24, 2006).

**B. Discussion**

1. Statute of Limitations

Plaintiff seeks recovery against Defendants under 42 U.S.C. § 1983. The limitations period for civil actions brought under section 1983 is determined by state law. *See* Goodman v. Lukens Steel Correctional Officer, 482 U.S. 656, 662 (1987) (42 U.S.C. § 1981); Wilson v. Garcia, 471 U.S. 261, 272-76 (1985) (42 U.S.C. § 1983); Bougher v. University of Pittsburgh, 882 F.2d 74, 79 (3d Cir. 1989) (42 U.S.C. § 1985). Under Pennsylvania law, the applicable limitations period is two years. *See* 42 Pa. C.S. § 5524.

The date when a civil rights action accrues is a matter of federal law. Albright v. Oliver, 510 U.S. 266, 280 n.6 (1994) (J. Ginsburg, concurring). A claim accrues when the plaintiff becomes aware, or should have become aware, of both the fact of the injury and its causal connection to the Defendant. *See* Delaware State College v. Ricks, 449 U.S. 250, 258 (1980) (it is the wrongful act that triggers the start of the statute of limitations period); Keystone Ins. Co. v. Houghton, 863 F.2d 1125, 1127 (3d Cir. 1988) (a federal cause of action accrues when the plaintiff is aware, or should be aware, of the existence of and source of injury, not when the potential claimant knows or should know that the injury constitutes a legal wrong).

Plaintiff's original complaint is signed and dated April 9, 2013. Due to the two-year limitations period, Plaintiff cannot impose liability against Defendants under section 1983 based on events that occurred prior to April 9, 2011. Thus, these claims must be dismissed. Moreover, Plaintiff cannot cure this defect through allowance of another amendment of his complaint.

2. Official Capacity Claims

In addition to suing the Defendants in their individual capacities, Plaintiff has sued all Defendants in their respective official capacities as representatives of the Pennsylvania Department of Corrections. "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989) (internal citation omitted). In this case, Plaintiff's official capacity claims are really claims against the Commonwealth of Pennsylvania.

The Eleventh Amendment provides states with immunity not only from suits brought by citizens of other states, but also from suits brought by their own citizens. Hans v. Louisiana, 134 U.S. 1, 12-14 (1890). However, a state's Eleventh Amendment protection from federal suits is not absolute. Congress may authorize such a suit under its power to enforce the Fourteenth Amendment, Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd., 527 U.S. 666, 670 (1999), thereby abrogating a state's sovereign immunity but only "when it both unequivocally intends to do so and 'acts pursuant to a valid grant of constitutional authority,'" Bd. of Trs. Of the Univ. of Ala. v. Garrett, 531 U.S. 356, 363 (2001) (quoting Kimel v. Bd. of Regents, 528 U.S. 62, 73 (2000). A state may also waive its sovereign immunity by consenting to suit. Coll. Sav. Bank, 527 U.S. at 670 (citing Clark v. Barnard, 108 U.S. 436 (1883)); Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 238 (1985). Additionally, a person seeking purely prospective relief against state officials for ongoing violations of federal law may sue under the "legal fiction" of Ex parte Young, 209 U.S. 123, 159-60 (1908), despite the text of the Eleventh Amendment. Alden v. Maine, 527 U.S. 706, 757 (1999).

5

No exceptions to the Eleventh Amendment immunity are applicable here. By statute, the Commonwealth of Pennsylvania has specifically withheld its consent to be sued. *See* 42 Pa. Cons. Stat. Ann. § 8521(b); *see also* Laskaris v. Thornburgh, 661 F.2d 23, 25 (3d Cir. 1981). Additionally, Congress has not expressly abrogated Pennsylvania's Eleventh Amendment immunity from civil rights suits for damages. *See, e.g.*, Will, 491 U.S. at 66 ("Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties."); Quern v. Jordan, 440 U.S. 332, 341 (1979); Boykin v. Bloomsburg Univ. of Pa., 893 F. Supp. 378 (M.D. Pa. 1995) (holding that States' immunity has not been abrogated for actions brought under §§ 1981, 1983, 1985, and 1986), *aff'd*, 91 F.3d 122 (3d Cir. 1996). Finally, Plaintiff does not seek prospective relief. Therefore, Defendants are entitled to Eleventh Amendment immunity to the extent they are sued in their official capacities.

3. Failure to Exhaust Administrative Remedies

Among the arguments that Defendants make in support of their Motion to Dismiss is that Plaintiff did not fully exhaust his administrative remedies prior to filing suit, as he was required to do pursuant to the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). Through the PLRA, Congress amended 42 U.S.C. § 1997e(a) to prohibit prisoners from bringing an action with respect to prison conditions pursuant to 42 U.S.C. § 1983 or any other federal law, until such administrative remedies as are available are exhausted. Specifically, the act provides in pertinent part as follows:

> No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Exhaustion is required under this provision regardless of the type of relief sought and the type of relief available through administrative procedures. *See* Booth v. Churner, 532 U.S. 731, 741 (2001). In addition, the exhaustion requirement applies to all claims relating to prison life which do not implicate the duration of the prisoner's sentence, including those that involve general circumstances as well as particular episodes. *See* Porter v. Nussle, 524 U.S. 516, 532 (2002).

Defendants conclusively state that of the grievances Plaintiff cites to and submitted in support of his claims, they were not exhausted. In response, Plaintiff states that he fully exhausted at least 15 grievances related to his claims. Thus, there appears to be a factual dispute as to whether Plaintiff satisfied the PLRA's exhaustion requirement. Even though ruling on this issue requires the resolution of disputed facts, exhaustion of administrative remedies is a question of law to be determined by the Court. It is therefore recommended that the Court defer its ruling on this issue until summary judgment when the record is more fully developed. *See* Pavey v. Conley, 544 F.3d 739, 740 (7th Cir. 2008) (stating that "exhaustion of administrative remedies under the PLRA is a question of law to be determined by the judge . . . ."). *See also* Drippe v. Tobelinski, 604 F.3d 778, 782 (3d Cir. 2010) (precedential opinion signaling agreement with Pavey). Thus, the Defendants' Motion to Dismiss should be denied without prejudice as to this defense.

  4.  Plaintiff's Claims

Plaintiff asserts retaliation claims against Defendants Gettins, Beers, and Kramer; due process violation claims against Defendants Bascarino and Yothers; and a deliberate indifference claim against Defendant Mazurkiewicz. However, his claims are vague and difficult to discern as there are no clear allegations of fact supporting a developed cause of action.

Federal Rule of Civil Procedure 8(d)(1) requires each allegation to be "simple, concise, and direct." Plaintiff's allegations do not satisfy this requirement. The factual averments set forth in Plaintiff's amended complaint consist of an apparent, but often incomprehensible, catalogue of events that are presented without any context, content, coherence or continuity. In fact, the only thing that the Court can discern is what specific constitutional right Plaintiff alleges each Defendant violated. Due to the insufficiency of his amended complaint, Plaintiff has clearly failed to state a claim against any Defendant. Nevertheless, the undersigned will address his claims to the extent it is possible.

*a. Retaliation*

To establish a claim of retaliation, a plaintiff bears the burden of satisfying three elements. First, he must prove that he engaged in a constitutionally protected activity. Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001). Second, he must demonstrate that he "suffered some 'adverse action' at the hands of prison officials." Id. (quoting Allah v. Seiverling, 229 F.3d 220, 225 (3d Cir. 2000)).[1] Third, he must prove that "his constitutionally protected conduct was 'a substantial or motivating factor' in the decision to discipline him." Id. at 333-34 (quoting Mount Health Bd. of Educ. V. Doyle, 429 U.S. 274, 287 (1977)).[2]

Plaintiff has not sufficiently pled any of these three elements. Essentially, he has just set forth a day-by-day recitation of his mail activity but he has not specifically alleged how the named Defendants were personally involved and what injury he suffered as a result of their actions. All the Court can gather from his Complaint is that some of Plaintiff's mail was lost or

---

[1] This requirement is satisfied by showing adverse action "sufficient 'to deter a person of ordinary firmness' from exercising his First Amendment rights." Id. (quoting Suppan v. Dadonna, 203 F.3d 228, 235 (3d Cir. 2000)).

[2] The mere fact that an adverse action occurs after a complaint or grievance is filed is relevant, but not dispositive, for the purpose of establishing a causal link between the two events. *See* Lape v. Pennsylvania, 157 Fed. Appx. 491, 498 (3d Cir. 2005).

accidentally delivered to another inmate by mistake. This is not enough to state a retaliation claim.

    *b. Due Process*

To establish a claim under the Due Process Clause, a plaintiff must first set out facts that demonstrate he had a protected liberty interest impaired by the defendants' actions. Hewitt v. Helms, 459 U.S. 460 (1983); Morrissey v. Brewer, 408 U.S. 471 (1972). Once a court determines that the interest asserted is protected by the Due Process Clause, the question then becomes what process is due to protect it. Morrissey, 408 U.S. at 481. In Shoats v. Horn, 213 F.3d 140 (3d Cir. 2000), a prisoner had been placed in administrative custody and was maintained there in virtual isolation for eight years. The Third Circuit Court of Appeals noted that such a long-term placement clearly gave rise to procedural due process protections under the analysis mandated by Sandin v. Conner, 515 U.S. 472 (1995). Nonetheless, relying upon Hewitt, 459 U.S. 460 (1983), the court of appeals found that informal, periodic review of the prisoner's administrative custody status satisfies the requirements of due process.

Here, the exact duration of Plaintiff's placement in administrative custody is unknown. Therefore, the Court cannot discern whether a liberty interest was implicated. However, with respect to his placement in administrative custody, the Supreme Court explained the scope of discretion allowed to prison administrators in circumstances similar to Plaintiff's:

> In assessing the seriousness of a threat to institutional security, prison administrators necessarily draw on more than the specific facts surrounding a particular incident; instead, they must consider the character of the inmates confined in the institution, recent and longstanding relations between prisoners and guards, prisoners *inter se*, and the like. In the volatile atmosphere of a prison, an inmate easily may constitute an unacceptable threat to the safety of other prisoners and guards even if he himself has committed no misconduct; rumor, reputation, and even more imponderable factors may suffice to spark potentially disastrous incidents. The judgment of prison officials in this context, like that of

> those making parole decisions, turns largely on purely subjective evaluations and on predictions of future behavior.

Hewitt, 459 U.S. at 474. Thus, the Third Circuit Court of Appeals noted in Shoats, a prisoner may be placed in administrative confinement, even where no misconduct has occurred, and all that is required is that the prison provide an opportunity for the prisoner to contest the "purely subjective evaluation" of his dangerousness.

From the exhibits submitted in support of his complaint, Plaintiff requested to be placed in protective custody because he believed that he was a danger to himself or others. Therefore, his mere placement in administrative custody was not sufficient to implicate a liberty interest. The only issue that remains is whether Plaintiff received the required periodic reviews, but since the Court is unaware of how much time he spent in administrative custody this issue cannot be addressed.

    *c. Medical Co-payment*

Plaintiff also raises a due process claim against Defendant Yothers based on a disputed medical copayment for a prescription refill. Presumably, Plaintiff complains that he should not have been charged for his prescription refill pursuant to DC-ADM 820, Section 1.B.16, which provides that an inmate shall not be charged for a "medication prescription subsequent to the initial medication prescription provided to an inmate for the same chronic illness or condition that requires regular continuous medication as specified by the medical provider."

While it is true that inmates have a protected property interest in the funds in their prison accounts, the Third Circuit has held that charging prisoners a modest co-payment for medical treatment is not prohibited by the Constitution, so long as they are provided with care even when they could not afford to pay the fees. Reynolds v. Wagner, 128 F.3d 166, 174-79 (3d Cir. 1997).

Therefore, Plaintiff's complaint of being charged a medical co-payment fails to state a constitutional claim.

Plaintiff's claim that he was exempt from the medical co-payment pursuant to DOC policy is a matter of state law that is not cognizable in a section 1983 action. *See* McWilliams v. Santos, 2013 U.S. Dist. LEXIS 3005, at *4-5 (S.D. Ill. Jan. 9, 2013) (inmate's claim that he should not have had to pay a medical co-payment because he suffers from a chronic illness is a state-law question) (citing Poole v. Isaacs, 703 F.3d 1024, 1027 (7th Cir. 2012)). Therefore, this claim should be dismissed and Defendant Yothers dismissed from this action.

   *d. Deliberate Indifference*

Finally, Plaintiff conclusively alleges that Defendant Mazurkiewicz was deliberately indifferent to the constitutional violations occurring in his facility. Plaintiff states that Defendant Mazurkiewicz "turned a blind eye" to the acts of retaliation and that he is responsible for the acts of his subordinates since he is tasked with their supervision and training.

First, as explained in Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988):

> [A] defendant in a civil rights action must have personal involvement in alleged wrongs . . . Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.

Id. at 1207. Plaintiff cannot hold Defendant Mazurkiewicz automatically liable for the actions of his subordinates simply by virtue of his position because this is an example of *respondeat superior*, which does not establish personal involvement for a section 1983 claim.

"[T]o hold a supervisor liable because his policies or practices led to an Eighth Amendment violation, the plaintiff must identify a specific policy or practice that the supervisor failed to employ and show that: (1) the existing policy or practice created an unreasonable risk of

the Eighth Amendment injury; (2) the supervisor was aware that the unreasonable risk was created; (3) the supervisor was indifferent to that risk; and (4) the injury resulted from the policy or practice." Beers-Capitol v. Whetzel, 256 F.3d 120, 134 (3d Cir. 2001). Plaintiff has provided no factual allegations to support a claim against Defendant Mazurkiewicz predicated on supervisory liability. Therefore, he has not established Defendant Mazurkiewicz's personal involvement in the alleged wrongdoing.

     5. Amendment of the Complaint

The court must allow amendment by the plaintiff in civil rights cases brought under § 1983 before dismissing, irrespective of whether it is requested, unless doing so would be "inequitable or futile." Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007); *see also* Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004) (asserting that where a complaint is vulnerable to dismissal pursuant to 12(b)(6), the district court must offer the opportunity to amend unless it would be inequitable or futile).

In this case, it is not clear that granting Plaintiff leave to amend his already amended complaint would necessarily be futile as to the following claims: (1) the mail tampering retaliation claim against Defendants Gettins, Beers and Kramer; (2) the due process claim against Defendant Bascarino only for the duration of the time Plaintiff spent in administrative custody; and (3) the deliberate indifference claim against Defendant Mazurkiewicz. However, it would be futile for Plaintiff to amend his complaint as to his medical co-payment claim against Defendant Yothers and his due process claim for his initial placement in administrative custody. Those claims should be dismissed with prejudice for failure to state a claim.

## III. CONCLUSION

For the reasons set forth above, it is respectfully recommended that the Motion to Dismiss filed by Defendants Beers, Gettins and Mazurkiewicz be granted in part and denied without prejudice in part. It is recommended that the motion be granted in that Plaintiff's claims predating April 9, 2011 should be dismissed because they are barred by the statute of limitations and also granted in that Plaintiff's claims against the Defendants in their official capacities should be dismissed because they have Eleventh Amendment immunity. The motion should be denied without prejudice to the extent Defendants seek dismissal of Plaintiff's amended complaint for failure to exhaust his administrative remedies pursuant to the PLRA.

It is further recommended that Defendant Yothers be dismissed from this action because Plaintiff has failed to state a claim against her upon which relief may be granted. Because she has not yet been served, and because Plaintiff is a prisoner proceeding *in forma pauperis*, the Court should *sua sponte* dismiss her pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Finally, it is recommended that Plaintiff be allowed to amend his complaint with respect to the following claims: (1) the mail tampering retaliation claim against Defendants Gettins, Beers and Kramer; (2) the due process claim against Defendant Bascarino, only for the duration of the time Plaintiff spent in administrative custody; and (3) the deliberate indifference claim against Defendant Mazurkiewicz. Plaintiff's due process claim based on his initial placement in administrative custody should be *sua sponte* dismissed for failure to state a claim pursuant to 28 U.S.C. 1915(e)(2)(B)(ii).

In accordance with the applicable provisions of the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B)&(C), and Rule 72.D.2 of the Local Rules of Court, the parties shall have fourteen (14) days from the date of the service of this report and recommendation to file written

objections thereto. Any party opposing such objections shall have fourteen (14) days from the date on which the objections are served to file its response. A party's failure to file timely objections will constitute a waiver of that party's appellate rights.

Dated: July 22, 2014

/s/ Lisa Pupo Lenihan
Lisa Pupo Lenihan
Chief United States Magistrate Judge

cc: Solomon Johnson
GX7163
SCI Benner
301 Institution Drive
Bellefonte, PA 16823
*(Via First Class Mail)*

Counsel of Record
(*Via ECF Electronic Mail*)